◼ TAHIR KHAN, Appellant, v ANDRE HERNANDEZ et al., Respondents. [996 NYS2d 667]—

In an action, inter alia, to recover damages for assault and battery, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Lebowitz, J.), entered September 11, 2013, as, upon renewal and reargument, adhered to its original determination in an order of the same court dated May 6, 2013, denying the plaintiff's motion for leave to enter a default judgment against the defendant Andre Hernandez, and denied that branch of the plaintiff's motion which was to deem the filing of proof of service on the defendant Andre Hernandez timely nunc pro tunc.

Ordered that the order is modified, on the facts and in the exercise of discretion, by deleting the provision thereof denying that branch of the plaintiff's motion which was to deem the filing of proof of service on the defendant Andre Hernandez timely nunc pro tunc, and substituting therefor a provision granting

that branch of the plaintiff's motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the time for the defendant Andre Hernandez to serve and file an answer is extended to 30 days after service upon him of a copy of this decision and order.

The plaintiff commenced this action alleging that the defendant Andre Hernandez, an employee of the defendant Charj Corporation, doing business as Mermaids, assaulted him. On or about October 13, 2012, Hernandez allegedly was served pursuant to CPLR 308 (4). However, proof of service was never filed with the clerk of the court as required by CPLR 308 (4). When Hernandez failed to appear or answer the complaint, the plaintiff moved for leave to enter a default judgment against him. The Supreme Court denied the plaintiff's motion, among other reasons, because of his failure to file proof of service. The plaintiff then filed proof of service on May 29, 2013. He moved for leave to renew and reargue his prior motion for a default judgment against Hernandez and to deem the affidavit of service that was filed on May 29, 2013, timely filed nunc pro tunc. Upon renewal and reargument, the court adhered to its original determination, and denied that branch of the plaintiff's motion which was to deem the filing of proof of service on Hernandez timely nunc pro tunc.

The failure to file proof of service is a procedural irregularity, not a jurisdictional defect, that may be cured by motion or sua sponte by the court in its discretion pursuant to CPLR 2004 (*see Pipinias v J. Sackaris & Sons, Inc.*, 116 AD3d 749, 752-753 [2014]; *Discover Bank v Eschwege*, 71 AD3d 1413, 1414 [2010]; *County of Nassau v Gallagher*, 35 AD3d 786, 787 [2006]). Here, in light of the plaintiff's prompt action in moving to correct the irregularity following the denial of his motion for leave to enter a default judgment and the lack of prejudice to Hernandez, the Supreme Court improvidently exercised its discretion in denying that branch of the plaintiff's motion which was to deem the filing of proof of service on Hernandez timely nunc pro tunc (*see Pipinias v J. Sackaris & Sons, Inc.*, 116 AD3d at 753). However, contrary to the plaintiff's contention, a court may not grant such relief retroactive to Hernandez's prejudice by placing him in default as of a date prior to the order (*see Discover Bank v Eschwege*, 71 AD3d at 1414). In other words, service will not be deemed complete as of October 23, 2012, as the plaintiff argues (*see* CPLR 308 [4]). Rather, Hernandez must be afforded an additional 30 days after service upon him of a copy of this decision and order to appear and answer (*see* CPLR 320 [a]; *Pipinias v J. Sackaris & Sons, Inc.*, 116 AD3d at 753).

Since the time for Hernandez to answer the complaint has not yet expired, the plaintiff is not entitled to a default judgment against him (*see Pipinias v J. Sackaris & Sons, Inc.*, 116 AD3d at 750; *Bank of New York v Schwab*, 97 AD2d 450 [1983]).

Accordingly, upon renewal and reargument, the Supreme Court should have granted that branch of the plaintiff's motion which was to deem the filing of proof of service on Hernandez timely nunc pro tunc, but it properly adhered to its original determination denying that branch of the plaintiff's motion which was for leave to enter a default judgment against him. Dillon, J.P., Chambers, Cohen and Maltese, JJ., concur.