■ ASHLEY BUIST, Plaintiff, v THE BROMLEY COMPANY, LLC, et al., Appellants. [55 NYS3d 443]—

Appeal from an order of the Supreme Court, Kings County (Francois A. Rivera, J.), dated August 5, 2015. The order denied the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the facts and in the exercise of discretion, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for further proceedings in accordance herewith.

The plaintiff commenced this action to recover damages for personal injuries allegedly sustained by her as a result of exposure to a toxic mold condition in an apartment she leased in a building owned and managed by the defendants. In July 2014 the defendants moved for summary judgment dismissing the complaint. In a so-ordered stipulation dated December 8, 2014, the parties agreed, among other things, that the defendants would serve Jason D. Minard, the plaintiff's newly substituted counsel with the motion papers by December 12, 2014. In an order dated May 1, 2015, the Supreme Court directed the defendants "to file with the Kings County Clerk's office on or before July 1, 2015, an affirmation or affidavit demonstrating service of the instant motion on [Minard] in accordance with their stipulation." On May 15, 2015, the defendants filed in the motion support office of the Supreme Court, Kings County, an affidavit of service attesting that Minard was served on December 10, 2014.

At a court appearance on August 5, 2015, the Supreme Court informed the defendants' attorney that, according to an affidavit of service in its file, the attorney's office had filed the affidavit with the motion support office, instead of the Clerk's office as required by the order dated May 1, 2015. The defendants' attorney noted that the plaintiff, who was now appearing pro se, claimed that she had not received the motion papers from Minard. The defendants' attorney requested a brief extension

of time to properly file the affidavit of service in the Clerk's office. Further, the defendants' attorney offered to serve the pro se plaintiff and file a corresponding affidavit of service along with the prior affidavit. The court denied the application. In an order dated August 5, 2015, the court denied the defendants' motion for summary judgment dismissing the complaint on the ground that the affidavit of service filed by the defendants on May 15, 2015, had not been filed in the Clerk's office. The defendants appeal.

" 'The failure to file proof of service is a procedural irregularity, not a jurisdictional defect, that may be cured by motion or sua sponte by the court in its discretion' " (*Matter of Meighan v Ponte*, 144 AD3d 917, 918 [2016], quoting *Khan v Hernandez*, 122 AD3d 802, 803 [2014]; *see* CPLR 2001, 2004). Here, there is no reason to believe that the defendants did not properly and timely serve Minard in compliance with the so-ordered stipulation dated December 8, 2014. Moreover, the defendants promptly requested permission to correct the irregularity in filing the affidavit of service after learning that it was filed in the wrong office, and there was no allegation or indication of prejudice to the plaintiff as a result of the requested correction. Under these circumstances, the Supreme Court improvidently exercised its discretion in denying the defendants' application for an extension of time to file the affidavit of service in the Clerk's office, and thereupon denying their motion for summary judgment on the ground that they failed to file proof of service in that office (*see* CPLR 2001, 2004; *Matter of Meighan v Ponte*, 144 AD3d at 918; *Khan v Hernandez*, 122 AD3d at 803).

Accordingly, we reverse the order and remit the matter to the Supreme Court, Kings County. Upon remittal, the defendants' application for an extension of time to properly file the affidavit of service in the Clerk's office should be granted "upon such terms as may be just" (CPLR 2001, 2004), including service of the motion papers upon the plaintiff, who appeared pro se at the court appearance and on appeal, and an extension of the plaintiff's time to oppose the motion. The defendants' motion for summary judgment should thereafter be determined on the merits.

The defendants' remaining contentions either are not properly before this Court or need not be reached in light of our determination. Hall, J.P., Sgroi, Maltese and LaSalle, JJ., concur.