First Fed. Sav. & Loan Assn. of Charleston v Tezzi (2018 NY Slip Op 05826)





First Fed. Sav. & Loan Assn. of Charleston v Tezzi


2018 NY Slip Op 05826


Decided on August 22, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
LEONARD B. AUSTIN
HECTOR D. LASALLE, JJ.


2017-01188
 (Index No. 25445/09)

[*1]First Federal Savings & Loan Association of Charleston, respondent, 
v
Ruth Tezzi, appellant.


Aaron G. Baily, Hawthorne, NY, for appellant.
Deily & Glastetter, LLP, Albany, NY (Pilar A. Cano and Helene C. Lester of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Westchester County (Mary H. Smith, J), entered December 12, 2016. The order, sua sponte, deemed the plaintiff's affidavit of service timely filed, nunc pro tunc, and denied the defendant's motion to vacate a default judgment of the same court entered April 22, 2010.
ORDERED that upon the Court's own motion, the notice of appeal from so much of the order as, sua sponte, deemed the plaintiff's affidavit of service timely filed, nunc pro tunc, is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is modified, on the facts and in the exercise of discretion, by deleting the provision thereof denying the defendant's motion to vacate the default judgment, and substituting therefor a provision granting the motion; as so modified, the order is affirmed, without costs or disbursements, and the time for the defendant to serve and file an answer is extended until 30 days after service upon her of a copy of this decision and order.
The plaintiff commenced this action in October 2009, by filing a summons with notice alleging breach of contract. The defendant allegedly was served on November 24, 2009, pursuant to CPLR 308(4). The affidavit of service was marked received and filed by the Westchester
County Clerk on December 17, 2009. When the defendant failed to appear or answer the summons with notice, the plaintiff obtained a default judgment entered April 22, 2010.
In October 2016, the defendant moved to vacate the judgment, arguing that the affidavit of service was not timely filed pursuant to CPLR 308(4) and 3215. The plaintiff opposed the motion, claiming that it attempted to timely file the affidavit of service by mailing a copy of the affidavit of service to the Westchester County Clerk on December 7, 2009. The Supreme Court, sua sponte, deemed the affidavit of service timely filed, nunc pro tunc, and denied the defendant's motion to vacate the default judgment. The defendant appeals.
In order to establish entitlement to a default judgment, the plaintiff was required to [*2]submit proof of valid service of process, the facts constituting the causes of action, and the default (see CPLR 3215[f]; Miterko v Peaslee, 80 AD3d 736, 737; Valiotis v Psaroudis, 78 AD3d 683, 683-684). The plaintiff allegedly served process on the defendant pursuant to CPLR 308(4). Once the "affixing and mailing" was accomplished, the plaintiff was required to file proof of service with the clerk of the court within 20 days of either the affixing or mailing, whichever was later (see CPLR 308[4]). Once such timely filing is accomplished, service is deemed completed 10 days thereafter (see id.).
Here, the affidavit of service was not filed within 20 days of either the mailing or affixing; thus, service was never completed (see id.). Since service was never completed, the defendant's time to answer the complaint had not yet started to run and, therefore, she could not be in default (see Pipinias v J. Sackaris & Sons, Inc., 116 AD3d 749, 750; Bank of New York v Schwab, 97 AD2d 450).
However, the "failure to file proof of service is a procedural irregularity, not a jurisdictional defect, that may be cured by motion or sua sponte by the court in its discretion pursuant to CPLR 2004" (Khan v Hernandez, 122 AD3d 802, 803; see Buist v Bromley Co., LLC, 151 AD3d 682, 683; Pipinias v J. Sackaris & Sons, Inc., 116 AD3d at 750). Thus, we agree with the Supreme Court's determination to deem the affidavit of service timely filed, sua sponte, pursuant to CPLR 2004.
In granting this relief, however, the court must do so upon such terms as may be just, and only where a substantial right of a party is not prejudiced (see CPLR 2001; Discover Bank v Eschwege, 71 AD3d 1413, 1414). The court may not make such relief retroactive, to the prejudice of the defendant, by placing the defendant in default as of a date prior to the order (see Khan v Hernandez, 122 AD3d at 803; Discover Bank v Eschwege, 71 AD3d at 1414), "nor may a court give effect to a default judgment that, prior to the curing of the irregularity, was a nullity requiring vacatur" (Discover Bank v Eschwege, 71 AD3d at 1414 [internal quotation marks omitted]; see Bank of New York v Schwab, 97 AD2d 450). Rather, the defendant must be afforded an additional 30 days to appear and answer after service upon her of a copy of the decision and order (see CPLR 320[a]; Buist v Bromley Co., LLC, 151 AD3d at 683; Khan v Hernandez, 122 AD3d at 803; Pipinias v J. Sackaris & Sons, Inc., 116 AD3d at 750; Discover Bank v Eschwege, 71 AD3d at 1414).
Accordingly, the Supreme Court should have vacated the default judgment, and, upon deeming the affidavit of service timely filed, nunc pro tunc, should have extended the time for the defendant to serve and file an answer.
In light of our determination, we need not address the parties' remaining contentions.
MASTRO, J.P., RIVERA, AUSTIN and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court