Zheleznyak v Gordon & Gordon, P.C. (2019 NY Slip Op 06536)





Zheleznyak v Gordon & Gordon, P.C.


2019 NY Slip Op 06536


Decided on September 11, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
HECTOR D. LASALLE
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2018-07075
 (Index No. 708110/17)

[*1]Arkady Zheleznyak, appellant, 
v
Gordon & Gordon, P.C., defendant, Leslie Nizin, etc., respondent.


Robert Bondar, Brooklyn, NY, for appellant.
Steinberg & Cavaliere, LLP, White Plains, NY (Ronald W. Weiner of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for legal malpractice and breach of contract, the plaintiff appeals from an order of the Supreme Court, Queens County (Pam Jackman Brown, J.), entered April 27, 2018. The order granted that branch of the defendant Leslie Nizin's motion which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him on the ground of lack of personal jurisdiction.
ORDERED that the order is affirmed, with costs.
Following the commencement of this action on June 21, 2017, the defendant Leslie Nizin moved, inter alia, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him on the ground of lack of personal jurisdiction, based upon the alleged failure by the plaintiff to serve him within 120 days after the filing of the summons and complaint (see CPLR 306-b). The plaintiff had failed to file with the clerk of the court an affidavit of service of the summons and complaint as required by CPLR 308(4). However, in his opposition to Nizin's motion, the plaintiff submitted a copy of an affidavit of service. The Supreme Court granted Nizin's motion, and the plaintiff appeals.
While the failure to timely file an affidavit of service with the clerk of the court as required by CPLR 308(4) may, in the absence of prejudice, be corrected by court order pursuant to CPLR 2004 (see Khan v Hernandez, 122 AD3d 802, 803), in this case, the plaintiff failed to seek such relief, and the Supreme Court declined to extend this time sua sponte (see Deb v Hayut, 171 AD3d 862, 863). Accordingly, we agree with the court's determination to grant that branch of his motion which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him on the ground of lack of personal jurisdiction (see Deb v Hayut, 171 AD3d at 863; see also Estate of Norman v Perlman v Kelley, ___ AD3d ___ [Appellate Division Docket No. 2017-03966; decided herewith]).
The plaintiff's remaining contentions either are without merit or need not be reached in light of our determination.
RIVERA, J.P., LASALLE, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court