Christiana Trust v Birica (2020 NY Slip Op 05882)





Christiana Trust v Birica


2020 NY Slip Op 05882


Decided on October 21, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 21, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
COLLEEN D. DUFFY, JJ.


2017-11393
 (Index No. 502081/17)

[*1]Christiana Trust, etc., appellant, 
v
Constantina Birica, respondent, et al., defendants.


Knuckles, Komosinski & Manfro, LLP, Elmsford, NY (Stuart L. Kossar and Maynard, Cooper & Gale, P.C. [Brandt P. Hill], of counsel), for appellant.
Law Offices of Jaime Lathrop, P.C., Brooklyn, NY, for respondent.



DECISION & ORDER
In an action, inter alia, to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated August 16, 2017. The order, insofar as appealed from, granted that branch of the motion of the defendant Constantina Birica which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against her.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In July 2007, the plaintiff's predecessor in interest, JPMorgan Chase Bank, N.A. (hereinafter Chase), commenced an action (hereinafter the 2007 action) against the defendant Constantina Birica and others to foreclose on a mortgage on real property. Chase alleged that Birica had provided the mortgage as security for a note she executed with Chase's predecessor in interest. In the complaint in the 2007 action, Chase accelerated the entire balance of the mortgage debt and demanded its immediate payment.
Chase moved in the 2007 action, among other things, upon Birica's default, for a judgment of foreclosure and sale, and Birica cross-moved, inter alia, to vacate her default and for leave to file a pre-answer motion to dismiss the complaint insofar as asserted against her. Chase opposed Birica's motion. By order dated January 9, 2014, the Supreme Court denied Chase's motion and, after a hearing, granted that branch of Birica's cross motion which was to dismiss the complaint insofar as asserted against her based on lack of personal jurisdiction and denied, as academic, that branch of Birica's cross motion alleging that Chase lacked standing.
As is relevant to this appeal, in February 2017, the plaintiff, Chase's successor in interest, commenced this action against Birica and others seeking, inter alia, to foreclose the mortgage. In March 2017, Birica moved, among other things, pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against her as time-barred. By order dated August 16, 2017, the Supreme Court, inter alia, granted that branch of Birica's motion. The plaintiff appeals, and we affirm insofar as appealed from.
"On a motion to dismiss a cause of action pursuant to CPLR 3211(a)(5) on the ground that it is barred by the statute of limitations, a defendant bears the initial burden of establishing, prima facie, that the time in which to sue has expired" (Wells Fargo Bank, N.A. v Burke, 155 AD3d 668, 669; see Bank of N.Y. Mellon v Craig, 169 AD3d 627, 628). Upon such a showing, "the burden [*2]shifts to the plaintiff to aver evidentiary facts establishing that the action was timely or to raise an issue of fact as to whether the action was timely" (Wells Fargo Bank, N.A. v Burke, 155 AD3d at 669-670 [internal quotation marks omitted]; see Bank of N.Y. Mellon v Craig, 169 AD3d at 628). "The plaintiff has the burden of establishing that the statute of limitations has not expired, that it is tolled, or that an exception to the statute of limitations applies" (Wells Fargo Bank, N.A. v Burke, 155 AD3d at 669-670 [internal quotation marks omitted]).
An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]) and, once a mortgage debt is accelerated, the statute of limitations begins to run on the entire debt (see HSBC Bank USA, N.A. v Gold, 171 AD3d 1029, 1030; Bank of N.Y. Mellon v Craig, 169 AD3d at 628).
Here, Birica established that the six-year statute of limitations began to run on the entire debt in July 2007, when Chase accelerated the mortgage by commencing the 2007 action (see Federal Natl. Mtge. Assn. v Schmitt, 172 AD3d 1324, 1325; Bank of N.Y. Mellon v Craig, 169 AD3d at 629). Since the plaintiff did not commence this action until February 2017, more than six years after the debt was accelerated, Birica met her initial burden of demonstrating, prima facie, that this action is untimely (see Federal Natl. Mtge. Assn. v Schmitt, 172 AD3d at 1325; Bank of N.Y. Mellon v Craig, 169 AD3d at 629).
In opposition, the plaintiff failed to raise a triable issue of fact (see Federal Natl. Mtge. Assn. v Schmitt, 172 AD3d at 1325). The plaintiff's contentions that Chase lacked standing in the 2007 action to accelerate the debt and had failed to comply with statutory conditions precedent to acceleration are raised for the first time on appeal and are not properly before this Court (see HSBC Bank USA, N.A. v Gold, 171 AD3d at 1030; Beneficial Homeowner Serv. Corp. v Tovar, 150 AD3d 657, 659).
The plaintiff's remaining contention is without merit (see Bank of N.Y. Mellon v Dieudonne, 171 AD3d 34, 39-40).
DILLON, J.P., CHAMBERS, COHEN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court