Wilmington Trust, N.A. v Shasho (2021 NY Slip Op 04632)





Wilmington Trust, N.A. v Shasho


2021 NY Slip Op 04632


Decided on August 4, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 4, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2017-07547 
2017-07559
2020-05310
 (Index No. 500394/14)

[*1]Wilmington Trust, National Association, etc., respondent,
v
Elliot Shasho, et al., appellants, et al., defendants.


Alter & Barbaro, Brooklyn, NY (Bernard M. Alter of counsel), for appellants.
Eckert Seamans Cherin & Mellott, LLC, White Plains, NY (Morgan R. McCord of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Elliot Shasho and Esther Shasho appeal from (1) an order of the Supreme Court, Kings County (Noach Dear, J.), dated April 21, 2017, (2) an order of the same court dated May 1, 2017, and (3) an order and judgment of foreclosure and sale (one paper) of the same court dated January 27, 2020. The order dated April 21, 2017, granted those branches of the plaintiff's motion which were for leave to amend the caption to substitute Esther Shasho for the defendant "John Doe," to deem proof of service to have been timely filed nunc pro tunc, for leave to enter a default judgment against the defendants Elliot Shasho and Esther Shasho, and for an order of reference, and denied the cross motion of the defendants Elliot Shasho and Esther Shasho pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against them, or, alternatively, for leave to serve and file an answer. The order dated May 1, 2017, granted the same relief to the plaintiff and appointed a referee to compute the amount due to the plaintiff. The order and judgment of foreclosure and sale, upon the orders dated April 21, 2017, and May 1, 2017, inter alia, confirmed the referee's report and directed the sale of the subject property.
ORDERED that the appeals from the orders dated April 21, 2017, and May 1, 2017, are dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is reversed, on the
law, those branches of the plaintiff's motion which were for leave to amend the caption to substitute Esther Shasho for the defendant "John Doe," for leave to enter a default judgment against the defendants Elliot Shasho and Esther Shasho, and for an order of reference are denied, that branch of the cross motion of the defendants Elliot Shasho and Esther Shasho which was for leave to serve and file an answer is granted, and the orders dated April 21, 2017, and May 1, 2017, are modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the appellants.
The appeals from the orders dated April 21, 2017, and May 1, 2017, must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeals from the orders are brought up for review and have been considered on the [*2]appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
The plaintiff's predecessor in interest commenced this action against the defendant Elliot Shasho (hereinafter Elliot), among others, to foreclose a mortgage on real property. While Elliot was served with the complaint, it is undisputed that proof of service was not timely filed. Elliot made a pro se, pre-answer motion to dismiss, alleging lack of personal jurisdiction. The motion was never heard, as it was marked off the calendar. Thereafter, Elliot did not answer the complaint. Esther Shasho (hereinafter Esther, and hereinafter together with Elliot, the Shashos) was initially designated as a "John Doe" and was served as such with the summons and complaint. Esther did not appear or answer.
The plaintiff moved, inter alia, for leave to amend the caption to substitute Esther for the defendant "John Doe," to deem proof of service to have been timely filed nunc pro tunc, for leave to enter a default judgment against the Shashos, and for an order of reference. The Shashos opposed the motion and cross-moved pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against them, or, alternatively, for leave to serve and file an answer. In an order dated April 21, 2017, the Supreme Court granted those branches of the plaintiff's motion, and denied the Shashos' cross motion. In an order dated May 1, 2017, the court granted the same relief to the plaintiff and appointed a referee to compute the amount due to the plaintiff. An order and judgment of foreclosure and sale dated January 27, 2020, was thereafter issued. The Shashos appeal.
CPLR 1024 permits "[a] party who is ignorant, in whole or in part, of the name or identity of a person who may properly be made a party" to "proceed against such person as an unknown party by designating so much of his [or her] name and identity as is known. If the name or remainder of the name becomes known all subsequent proceedings shall be taken under the true name and all prior proceedings shall be deemed amended accordingly." In order to employ the procedural "Jane Doe" or "John Doe" mechanism made available by CPLR 1024, "a plaintiff must show that he or she made timely efforts to identify the correct party before the statute of limitations expired" (Holmes v City of New York, 132 AD3d 952, 953). Yet, "parties are not to resort to the 'Jane Doe' procedure unless they exercise due diligence, prior to the running of the statute of limitations, to identify the defendant by name and, despite such efforts, are unable to do so. Any failure to exercise due diligence to ascertain the 'Jane Doe's' name subjects the complaint to dismissal as to that party" (Bumpus v New York City Tr. Auth., 66 AD3d 26, 30-31 [citations omitted]).
Here, the Supreme Court should not have granted that branch of the plaintiff's motion which was for leave to amend the caption to substitute Esther for the defendant "John Doe." The court erred in applying the "John Doe" designation authorized by CPLR 1024 and the relation-back doctrine of CPLR 203(c) to bar application of the statute of limitations, because the plaintiff failed to establish that it "made diligent efforts to ascertain the unknown party's identity prior to the expiration of the statute of limitations" (Temple v New York Community Hosp. of Brooklyn, 89 AD3d 926, 927 [internal quotation marks omitted]). Concomitantly, the court should have denied that branch of the plaintiff's motion which was for leave to enter a default judgment against Esther.
The failure to file proof of service is a procedural irregularity, not a jurisdictional defect, that may be cured by motion, or sua sponte by the court in its discretion pursuant to CPLR 2004 (see First Fed. Sav. & Loan Assn. of Charleston v Tezzi, 164 AD3d 758). Here, the Supreme Court properly granted that branch of the plaintiff's motion which was to deem proof of service to have been timely filed nunc pro tunc. In granting this relief, however, the court must do so upon such terms as may be just, and only where a substantial right of a party is not prejudiced (see CPLR 2001; Discover Bank v Eschwege, 71 AD3d 1413, 1414). The court may not make such relief retroactive, to the prejudice of a defendant, by placing the defendant in default as of a date prior to the order (see First Fed. Sav. & Loan Assn. of Charleston v Tezzi, 164 AD3d at 760; Discover Bank v Eschwege, 71 AD3d at 1414). Accordingly, the court should have granted that branch of the Shashos' cross motion which was for leave to serve and file an answer, and denied that branch of the plaintiff's motion which was for leave to enter a default judgment against Elliot (see CPLR 320[a]).
However, the Supreme Court properly denied that branch of the Shashos' cross motion which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against them (see Aurora Home Servs., LLC v Gross, 139 AD3d 772, 773).
Accordingly, we reverse the order and judgment of foreclosure and sale, deny those branches of the plaintiff's motion which were for leave to amend the caption to substitute Esther for the defendant "John Doe," for leave to enter a default judgment against the Shashos, and for an order of reference, grant that branch of the Shashos' cross motion which was for leave to serve and file an answer, and modify the orders dated April 21, 2017, and May 1, 2017, accordingly.
In light of our determination, we need not address the parties' remaining contentions.
LASALLE, P.J., DILLON, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court