Tulino v Hiller, P.C. (2022 NY Slip Op 01197)





Tulino v Hiller, P.C.


2022 NY Slip Op 01197


Decided on February 23, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
ROBERT J. MILLER
PAUL WOOTEN, JJ.


2018-11872
 (Index No. 502725/16)

[*1]Eva Tulino, et al., appellants,
v
Hiller, P.C., etc., respondents.


Andrew Lavoot Bluestone, New York, NY, for appellants.
Hiller, P.C., New York, NY (Michael Hiller of counsel), respondent pro se, and Furman, Kornfeld & Brennan, LLP, New York, NY (A. Michael Furman and Rachel Aghassi of counsel), for respondents Weiss & Hiller, P.C., Arnold Weiss, and Michael Hiller (one brief filed).



DECISION & ORDER
In an action, inter alia, to recover damages for legal malpractice, breach of contract, and violation of Judiciary Law § 487, the plaintiffs appeal from an order of the Supreme Court, Kings County (Kathy J. King, J.), dated September 12, 2018. The order, insofar as appealed from, granted those branches of the defendants' motion which were pursuant to CPLR 3211(a)(5) to dismiss the cause of action alleging legal malpractice, pursuant to CPLR 3211(a)(7) to dismiss the causes of action alleging breach of contract and violation of Judiciary Law § 487, and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against the defendants Arnold Weiss and Michael Hiller.
ORDERED that the order is modified, on the law and in the exercise of discretion, (1) by deleting the provision thereof granting that branch of the defendants' motion which was pursuant to CPLR 3211(a)(5) to dismiss the cause of action alleging legal malpractice, and substituting therefor a provision denying that branch of the motion, (2) by deleting the provision thereof granting that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action alleging violation of Judiciary Law § 487, and substituting therefor a provision denying that branch of the motion, and (3) by deleting the provision thereof granting those branches of the defendants' motion which were pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against the defendants Arnold Weiss and Michael Hiller, and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiffs.
Antonio Tulino (hereinafter Antonio) and Michele Tulino (hereinafter Michele) were brothers who each owned 50% of the stock of Tulino Realty, Inc. (hereinafter Tulino Realty). In 2008, Antonio entered into an agreement to sell his interest in Tulino Realty, but Michele, the president of Tulino Realty, refused to consent to the sale. In 2009, Antonio, individually and on behalf of Tulino Realty, commenced an action against Michele, inter alia, to recover damages for breach of fiduciary duty (hereinafter the underlying action). In 2010, Michele retained the law firm of Weiss and Hiller, P.C. (hereinafter W & H), to represent him in the underlying action. Michele asserted counterclaims against Antonio, among other things, to recover damages for breach of fiduciary duty. Pursuant to a stipulation of discontinuance dated February 2, 2012, Antonio's causes [*2]of action asserted against Michele in an amended complaint were withdrawn, but Michele's counterclaims remained. By certification order dated November 16, 2012, Michele was directed to file a note of issue within 90 days or the action would be deemed dismissed.
By order to show cause dated December 27, 2012, W & H moved for leave to withdraw as Michele's counsel in the underlying action on the basis of Michele's alleged failure to pay legal fees. Michele opposed W & H's motion for leave to withdraw as counsel. In an order dated March 18, 2013, the Supreme Court denied W & H's motion. Thereafter, W & H moved, inter alia, for leave to reargue its motion for leave to withdraw as counsel. In an order dated June 24, 2013, the court, among other things, granted that branch of W & H's motion which was for leave to reargue and, upon reargument, in effect, vacated the order dated March 18, 2013, and thereupon granted W & H's motion for leave to withdraw as counsel.
In November 2013, Antonio moved, inter alia, to dismiss Michele's counterclaims due to Michele's failure to timely file a note of issue. In an order dated January 16, 2014, the Supreme Court, among other things, granted that branch of Antonio's motion which was to dismiss the counterclaims.
On February 26, 2016, following Michele's death, his widow, Eva Tulino, the executor of Michele's estate, Nicoletta Tulino, and Tulino Realty commenced the instant action against, among others, W & H, and attorneys Arnold Weiss and Michael Hiller, to recover damages for legal malpractice, breach of contract, fraud, and violation of Judiciary Law § 487. The plaintiffs alleged, inter alia, that Michele's meritorious counterclaims against Antonio in the underlying action were dismissed, with prejudice, due to the defendants' failure to timely file a note of issue. On June 30, 2016, the plaintiffs filed affidavits of service indicating that Hiller was served with the summons and complaint pursuant to CPLR 308(2) on June 2, 2016, and Weiss was served with the summons and complaint pursuant to CPLR 308(2) on June 22, 2016.
In August 2016, the defendants moved pursuant to CPLR 3211(a)(1), (5), (7), and (8) to dismiss the complaint. In an order dated September 12, 2018, the Supreme Court, inter alia, granted those branches of the defendants' motion which were pursuant to CPLR 3211(a)(5) to dismiss the cause of action alleging legal malpractice as time-barred, pursuant to CPLR 3211(a)(7) to dismiss the causes of action alleging breach of contract and violation of Judiciary Law § 487 for failure to state a cause of action, and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against Hiller and Weiss for lack of personal jurisdiction. The plaintiffs appeal.
On a motion to dismiss a cause of action pursuant to CPLR 3211(a)(5) on the ground that it is barred by the statute of limitations, a defendant bears the initial burden of establishing, prima facie, that the time in which to sue has expired (see Deutsche Bank Natl. Trust Co. v Blank, 189 AD3d 1678, 1679; Christiana Trust v Birica, 187 AD3d 979, 981). "If the defendant satisfies this burden, the burden shifts to the plaintiff to raise a question of fact as to whether the statute of limitations was tolled or otherwise inapplicable, or whether the plaintiff actually commenced the action within the applicable limitations period" (Deutsche Bank Natl. Trust Co. v Blank, 189 AD3d at 1679 [internal quotation marks omitted]).
The statute of limitations for a cause of action to recover damages for legal malpractice is three years (see CPLR 214[6]; DeStaso v Condon Resnick, LLP, 90 AD3d 809, 812), which accrues at the time the malpractice is committed (see Shumsky v Eisenstein, 96 NY2d 164, 166; Stein Indus., Inc. v Certilman Balin Adler & Hyman, LLP, 149 AD3d 788, 789). "'However, pursuant to the doctrine of continuous representation, the time within which to sue on the claim is tolled until the attorney's continuing representation of the client with regard to the particular matter terminates'" (Stein Indus., Inc. v Certilman Balin Adler & Hyman, LLP, 149 AD3d at 789, quoting Aqua-Trol Corp. v Wilentz, Goldman & Spitzer, P.A., 144 AD3d 956, 957). "'For the doctrine to apply, there must be clear indicia of an ongoing, continuous, developing, and dependent relationship between the client and the attorney'" (Tantleff v Kestenbaum & Mark, 131 AD3d 955, 956, quoting Beroza v Sallah Law Firm, P.C., 126 AD3d 742, 743).
Here, the defendants satisfied their initial burden by demonstrating that the alleged [*3]legal malpractice accrued on February 14, 2013, the deadline to file the note of issue in the underlying action, which was more than three years prior to the commencement of the instant action (see CPLR 214[6]; Roubeni v Dechert, LLP, 159 AD3d 934, 935). However, in opposition, the plaintiffs raised a question of fact as to whether the continuous representation doctrine tolled the running of the statute of limitations until June 24, 2013, when the Supreme Court, upon reargument, in effect, vacated the March 18, 2013 order, and thereupon granted W & H's motion for leave to withdraw as counsel. Inasmuch as W & H's motion to withdraw as counsel, which was opposed by Michele, was initially denied, Michele could not be expected to commence an action to recover damages for legal malpractice against W & H while the representation continued (see Glamm v Allen, 57 NY2d 87, 94; Deep v Boies, 53 AD3d 948, 950-951). Accordingly, the court erred in granting that branch of the defendants' motion which was pursuant to CPLR 3211(a)(5) to dismiss the legal malpractice cause of action as time-barred.
Contrary to the plaintiffs' contention, the Supreme Court properly determined that the breach of contract cause of action was duplicative of the legal malpractice cause of action, since those causes of action arose from the same operative facts and did not allege distinct damages (see Cali v Maio, 189 AD3d 1337, 1339; Anderson v Pinn, 185 AD3d 534, 536).
However, the Supreme Court erred in determining that the cause of action alleging violation of Judiciary Law § 487 was duplicative of the cause of action alleging legal malpractice. Whereas the legal malpractice cause of action was based on W & H's failure to file a note of issue, the Judiciary Law § 487 cause of action was premised on allegedly false representations made by W & H in the underlying action. Thus, those causes of action are not duplicative (see Vermont Mut. Ins. Co. v McCabe & Mack, LLP, 105 AD3d 837; Rupolo v Fish, 87 AD3d 684, 685-686). Accordingly, the court erred in granting that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action alleging violation of Judiciary Law § 487.
Furthermore, the Supreme Court erred in granting those branches of the defendants' motion which were pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against Hiller and Weiss for lack of personal jurisdiction. Where, as here, service was made pursuant to CPLR 308(2), "proof of such service shall be filed with the clerk of the court designated in the summons within twenty days of either such delivery or mailing, whichever is effected later," and "service shall be complete ten days after such filing." Here, while the plaintiffs filed proof of service for Weiss within the 20-day period required under CPLR 308(2), the plaintiffs failed to file proof of service for Hiller within the 20-day period required under CPLR 308(2). Nevertheless, "[t]he purpose of requiring filing of proof of service, along with the 10-day grace period, pertains solely to the time within which a defendant must answer, and does not relate to the jurisdiction acquired by service of the summons" (Helfand v Cohen, 110 AD2d 751, 752). Thus, the failure to timely file proof of service is a mere "procedural irregularity, not a jurisdictional defect" (First Fed. Sav. & Loan Assn. of Charleston v Tezzi, 164 AD3d 758, 760; see Khan v Hernandez, 122 AD3d 802, 803), which "do[es] not defeat an otherwise properly commenced action" (Matter of Savitt, 161 AD3d 109, 114 [internal quotation marks omitted]). Under the circumstances of this case, the court improvidently exercised its discretion in determining that any deficiencies with regard to the timing of the plaintiffs' filing of proof of service warranted dismissal of the complaint insofar as asserted against Hiller and Weiss for lack of personal jurisdiction (see Conde v Zaganjor, 66 AD3d 947, 948).
To the extent the defendants argue that service on Weiss was defective because he was served at his former place of business, the defendants' contention is without merit. Service on a defendant may be made at that individual's "actual place of business" (CPLR 308[2]), which includes "any location that the defendant, through regular solicitation or advertisement, has held out as its place of business" (id. § 308[6]). Here, since the plaintiffs served Weiss at the address he maintained on file as an attorney with the Office of Court Administration at the time of service, Weiss cannot disclaim such address as his actual place of business for purposes of service of process (see Rolling Acres Developers, LLC v Montinat, 166 AD3d 696, 698; Day v Davis, 47 AD3d 750).
The parties' remaining contentions are without merit.
BARROS, J.P., BRATHWAITE NELSON, MILLER and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court