Wells Fargo Bank, N.A. v Welz (2022 NY Slip Op 07477)

Wells Fargo Bank, N.A. v Welz

2022 NY Slip Op 07477

Decided on December 28, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
HELEN VOUTSINAS, JJ.

2020-00285
 (Index No. 20603/13)

[*1]Wells Fargo Bank, N.A., respondent, 
v
Esther Welz, appellant, et al., defendants.

Law Office of Samuel Katz, PLLC, Brooklyn, NY, for appellant.
Hill Wallack LLP, New York, NY (Michael C. Manniello of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Esther Welz appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated September 24, 2019. The order, insofar as appealed from, denied that defendant's cross motion pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction, and, sua sponte, accepted a copy of an affidavit of service upon that defendant, deemed proof of service upon that defendant timely filed nunc pro tunc, and extended that defendant's time to answer the complaint.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, accepted a copy of an affidavit of service upon the defendant Esther Welz, deemed proof of service upon the defendant Esther Welz timely filed nunc pro tunc, and extended the defendant Esther Welz's time to answer the complaint, is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is affirmed insofar as appealed from, with costs.
On November 22, 2013, the plaintiff commenced this action against the defendant Esther Welz (hereinafter the defendant), among others, to foreclose a mortgage on certain real property located in Brooklyn. The plaintiff asserted that it served the defendant by delivering the summons and complaint to a person of suitable age and discretion at the defendant's dwelling place or usual place of abode in November 2013 and filed the original proof of service with the Kings County Clerk. However, the Kings County Clerk's minutes did not reflect that proof of service upon the defendant had been filed. In an order dated March 13, 2017, the Supreme Court, inter alia, granted the plaintiff an extension of time to file proof of service upon the defendant.
The plaintiff was in possession of a copy of the proof of service that it previously filed in 2013, which contained a stamp from the Kings County Clerk. However, since the plaintiff was no longer in possession of the original proof of service, it was not possible for it to strictly comply with the order dated March 13, 2017. In an effort to comply with the order, the plaintiff re-served the defendant on February 23, 2018, and filed proof of service with the Kings County Clerk on March 6, 2018.
Upon the defendant's failure to answer the complaint, the plaintiff moved, inter alia, for leave to enter a default judgment against the defendant and for an order of reference. The defendant cross-moved pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction. By order dated September 24, 2019, the Supreme Court, among other things, denied the defendant's cross motion, and, sua sponte, accepted a copy of the affidavit of service upon the defendant that was previously filed in 2013, deemed the proof of service upon the defendant timely filed nunc pro tunc, and extended the defendant's time to answer the complaint. The defendant appeals.
"'[T]he purpose of requiring filing of proof of service . . . pertains solely to the time within which a defendant must answer, and does not relate to the jurisdiction acquired by service of the summons'" (Tulino v Hiller, P.C., 202 AD3d 1132, 1136, quoting Helfand v Cohen, 110 AD2d 751, 752). Thus, "[t]he failure to file proof of service is a procedural irregularity, not a jurisdictional defect, that may be cured by motion, or sua sponte by the court in its discretion pursuant to CPLR 2004" (Wilmington Trust, N.A. v Shasho, 197 AD3d 534, 536; see First Fed. Sav. & Loan Assn. of Charleston v Tezzi, 164 AD3d 758, 760). "In granting this relief, however, the court must do so upon such terms as may be just, and only where a substantial right of a party is not prejudiced" (Wilmington Trust, N.A. v Shasho, 197 AD3d at 536-537; see CPLR 2001; First Fed. Sav. & Loan Assn. of Charleston v Tezzi, 164 AD3d at 760). Thus, "[t]he court may not make such relief retroactive, to the prejudice of a defendant, by placing the defendant in default as of a date prior to the order" (Wilmington Trust, N.A. v Shasho, 197 AD3d at 537; see First Fed. Sav. & Loan Assn. of Charleston v Tezzi, 164 AD3d at 760).
Under the circumstances of this case, the Supreme Court's determination to accept the copy of the affidavit of service that was previously filed in 2013 and to deem service timely filed nunc pro tunc was a provident exercise of its discretion (see Wilmington Trust, N.A. v Shasho, 197 AD3d at 536-537). Moreover, since the court extended the defendant's time to answer the complaint until 30 days following notice of entry of the order, the defendant was not prejudiced by the court's determination (see id.).
The defendant's remaining contentions either are without merit or need not be reached in light of our determination.
DILLON, J.P., CHRISTOPHER, GENOVESI and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court