Palma v Apatow (2024 NY Slip Op 04465)

Palma v Apatow

2024 NY Slip Op 04465

Decided on September 18, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 18, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2022-09495
 (Index No. 703600/22)

[*1]Oliver Palma, appellant, 
v
Nancy Apatow, et al., defendants, Angelo R. Picerno, et al., respondents.

Bogoraz Law Group, P.C. (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac, Paul Seidenstock, and Jillian Rosen], of counsel), for appellant.
Michael Ferro, Melville, NY (Alina Vengerov of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Joseph J. Esposito, J.), entered October 11, 2022. The order, insofar as appealed from, granted that branch of the motion of the defendants Angelo R. Picerno and A J Carelpicerno which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against the defendant A J Carelpicerno.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendants Angelo R. Picerno and A J Carelpicerno which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against the defendant A J Carelpicerno is denied.
On September 29, 2018, the plaintiff allegedly was injured while a passenger in a vehicle that was involved in an accident. Thereafter, the plaintiff commenced this action to recover damages for his personal injuries related to the accident. In May 2022, the defendants Angelo R. Picerno and A J Carelpicerno (hereinafter together the defendants) interposed an answer asserting various affirmative defenses, including lack of personal jurisdiction. Thereafter, the defendants moved pursuant to CPLR 3211(a)(5) and (8) to dismiss the complaint insofar as asserted against them. In an order entered October 11, 2022, the Supreme Court, among other things, granted, pursuant to CPLR 3211(a)(8), that branch of the defendants' motion which was to dismiss the complaint insofar as asserted against Carelpicerno. The plaintiff appeals.
"CPLR 3211(a)(8) provides that a party may move for judgment dismissing causes of action against him or her where 'the court has not jurisdiction of the person of the defendant'" (US Bank N.A. v McGown, 200 AD3d 826, 828, quoting CPLR 3211[a][8]). "A court lacks personal jurisdiction over a defendant who is not properly served with process" (Everbank v Kelly, 203 AD3d 138, 142). "[S]ervice of process upon a natural person must be made in strict compliance with the methods of service set forth in CPLR 308" (id. at 143).
"Where, as here, service was made pursuant to CPLR 308(2), 'proof of such service shall be filed with the clerk of the court designated in the summons within twenty days of either such delivery or mailing, whichever is effected later,' and 'service shall be complete ten days after such filing'" (Tulino v Hiller, P.C., 202 AD3d 1132, 1136, quoting CPLR 308[2]). "Nevertheless, [t]he [*2]purpose of requiring filing of proof of service, along with the 10-day grace period, pertains solely to the time within which a defendant must answer, and does not relate to the jurisdiction acquired by service of the summons" (Tulino v Hiller, P.C., 202 AD3d at 1136 [internal quotation marks omitted]).
"Ordinarily, the affidavit of a process server constitutes prima facie evidence that the defendant was validly served" (Garrick v Charles, 222 AD3d 724, 726 [internal quotation marks omitted]) and therefore "gives rise to a presumption of proper service" (Wells Fargo Bank, N.A. v Enitan, 200 AD3d 736, 738 [internal quotation marks omitted]).
Here, the defendants failed to rebut the presumption of proper service with respect to Carelpicerno, which was established by the plaintiff's process server's affidavit (see Green Tree Servicing, LLC v Frantzeskakis, 200 AD3d 654, 655; Nationstar Mtge., LLC v Einhorn, 185 AD3d 945, 946). Contrary to the defendants' contention, the plaintiff's "failure to timely file proof of service [wa]s a mere procedural irregularity, not a jurisdictional defect" (Tulino v Hiller, P.C., 202 AD3d at 1136 [internal quotation marks omitted]; see Wells Fargo Bank, N.A. v Welz, 211 AD3d 1083, 1084).
The parties' remaining contentions are either not properly before this Court or without merit.
Accordingly, the Supreme Court erred in granting that branch of the defendants' motion which was to dismiss the complaint insofar as asserted against Carelpicerno pursuant to CPLR 3211(a)(8).
DILLON, J.P., CHAMBERS, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court