Cherkassky v Goykman (2025 NY Slip Op 01904)

Cherkassky v Goykman

2025 NY Slip Op 01904

Decided on April 2, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
HELEN VOUTSINAS
CARL J. LANDICINO
JAMES P. MCCORMACK, JJ.

2023-01799
 (Index No. 503640/12)

[*1]Igor Cherkassky, appellant, 
v
Inna Goykman, et al., respondents.

The Nussbaum Law Firm P.C., Brooklyn, NY (Marcus A. Nussbaum of counsel), for appellant.
Jared Michael Viders, Monsey, NY, for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of a lease, the plaintiff appeals from an order of the Supreme Court, Kings County (Peter P. Sweeney, J.), dated February 6, 2023. The order, insofar as appealed from, granted that branch of the cross-motion of the defendants Inna Goykman and Dr. Inna Goykman DDS, P.C., which was pursuant to CPLR 5015(a)(4) to vacate so much of an order of the same court dated December 16, 2013, as granted that branch of the plaintiff's motion which was for leave to enter a default judgment against the defendant Inna Goykman, and thereupon, granted that defendant an additional 30 days to appear or answer the complaint after service upon her of a copy of the order dated February 6, 2023.
ORDERED that the order dated February 6, 2023, is affirmed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.
The plaintiff commenced this action in November 2012 against the defendants Inna Goykman and Dr. Inna Goykman DDS, P.C. (hereinafter the corporate defendant and, together with Goykman, the defendants), and another defendant, by filing a summons and complaint alleging, among other things, breach of a lease. Goykman was served pursuant to CPLR 308(2), but the affidavit of service of the summons and complaint was not filed with the clerk of the court. The defendants failed to appear or answer the complaint. The plaintiff moved to deem the affidavits of service of the summons and complaint timely filed nunc pro tunc and for leave to enter a default judgment against the defendants. In an order dated December 16, 2013, the Supreme Court granted the motion (hereinafter the December 2013 order). On December 4, 2014, the court, inter alia, entered a judgment in favor of the plaintiff and against the defendants.
Thereafter, the plaintiff moved to compel the defendants to comply with an information subpoena with restraining notice and a subpoena duces tecum. The defendants cross-moved, among other things, pursuant to CPLR 5015(a)(4) to vacate so much of the December 2013 order as granted that branch of the plaintiff's motion which was for leave to enter a default judgment against them. In an order dated February 6, 2023, the Supreme Court, inter alia, granted that branch of the cross-motion which was to vacate so much of the December 2013 order as granted that branch of the plaintiff's motion which was for leave to enter a default judgment against Goykman and [*2]thereupon, granted Goykman an additional 30 days to appear or answer the complaint after service upon her of a copy of the February 6, 2023 order. The court also directed the corporate defendant to respond to the information subpoena with restraining notice but did not decide that branch of the plaintiff's motion which was to compel Goykman to comply with the information subpoena with restraining notice and the subpoena duces tecum. The plaintiff appeals.
The "failure to file proof of service is a procedural irregularity, not a jurisdictional defect, that may be cured by motion or sua sponte by the court in its discretion" (First Fed. Sav. & Loan Assn. of Charleston v Tezzi, 164 AD3d 758, 760 [internal quotation marks omitted]; see Khan v Hernandez, 122 AD3d 802, 803). "In granting this relief, however, the court must do so upon such terms as may be just, and only where a substantial right of a party is not prejudiced" (First Fed. Sav. & Loan Assn. of Charleston v Tezzi, 164 AD3d at 760; see CPLR 2001; Wilmington Trust, N.A. v Shasho, 197 AD3d 534, 537). The court "'may not make such relief retroactive, to the prejudice of the defendant, by placing the defendant in default as of a date prior to the order'" (Wells Fargo Bank, N.A. v Welz, 211 AD3d 1083, 1085, quoting Wilmington Trust, N.A. v Shasho, 197 AD3d at 537; see First Fed. Sav. & Loan Assn. of Charleston v Tezzi, 164 AD3d at 760). A court may not "give effect to a default judgment that, prior to the curing of the irregularity, was a nullity requiring vacatur" (First Fed. Sav. & Loan Assn. of Charleston v Tezzi, 164 AD3d at 760 [internal quotation marks omitted]).
Here, the Supreme Court properly granted that branch of the defendants' cross-motion which was pursuant to CPLR 5015(a)(4) to vacate so much of the December 2013 order as granted that branch of the plaintiff's motion which was for leave to enter a default judgment against Goykman and thereupon, granted Goykman an additional 30 days to appear or answer the complaint after service upon her of a copy of the February 6, 2023 order. The December 2013 order, which, among other things, granted those branches of the plaintiff's motion which were to deem the affidavits of service of the summons and complaint timely filed nunc pro tunc and for leave to enter a default judgment against Goykman, in effect, improperly placed Goykman in default retroactively and was a nullity requiring vacatur (see id.). The court also properly afforded Goykman an additional 30 days to appear or answer the complaint after service upon her of a copy of the February 6, 2023 order (see CPLR 320[a]; First Fed. Sav. & Loan Assn. of Charleston v Tezzi, 164 AD3d at 760).
Although the parties raise contentions regarding that branch of the plaintiff's motion which was to compel Goykman to comply with the information subpoena with restraining notice and the subpoena duces tecum, the Supreme Court did not decide that branch of the motion, and it remains pending and undecided (see LCD Holding Corp. v Powell-Allen, 203 AD3d 811, 813). Accordingly, we remit the matter to the Supreme Court, Kings County, for a determination of that branch of the plaintiff's motion which was to compel Goykman to comply with the information subpoena with restraining notice and the subpoena duces tecum (see Goetz v Public Serv. Truck Renting, Inc., 162 AD3d 859, 861).
BRATHWAITE NELSON, J.P., VOUTSINAS, LANDICINO and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court