Deutsche Bank Natl. Trust Co. v Blank (2020 NY Slip Op 08112)





Deutsche Bank Natl. Trust Co. v Blank


2020 NY Slip Op 08112


Decided on December 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2018-12894
 (Index No. 518616/17)

[*1]Deutsche Bank National Trust Company, etc., respondent,
v
Bette Blank, etc., appellant, et al., defendants.


Folkenflik & McGerity, New York, NY (Max Folkenflik of counsel), for appellant.
Parker Ibrahim & Berg LLC, New York, NY (Rachel G. Packer and Vanessa L. Williams of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Bette Blank appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated October 3, 2018. The order denied that defendant's motion pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against her as time-barred.
ORDERED that the order is affirmed, with costs.
In 2006, the defendant Bette Blank (hereinafter the defendant) executed a note promising to repay a loan in the amount of $650,000, which was secured by real property located in Brooklyn. Upon the defendant's default in paying the loan, the plaintiff commenced a foreclosure action on December 10, 2009 (hereinafter the prior action). In the complaint in the prior action, the plaintiff exercised its option to accelerate the loan. The defendant did not answer or appear in that action, and the plaintiff moved, inter alia, for leave to enter a default judgment against her and for an order of reference. In opposition to that motion, and in support of a cross motion, the defendant asserted that she had not properly been served with the summons and complaint.
Before those motions were decided, on August 18, 2015, and August 19, 2015, respectively, the plaintiff sent the defendant a de-acceleration notice, indicating that it was restoring the loan to an installment loan, and a stipulation to discontinue the foreclosure action. The defendant refused to sign the stipulation. The plaintiff thereafter moved to discontinue the prior action, and that motion was granted in an order dated November 10, 2015.
Almost two years later, on September 27, 2017, the plaintiff commenced the instant action to foreclose the mortgage, again electing to accelerate the loan and alleging that the defendant was in default. The defendant moved pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against her, contending that the action was time-barred because the loan had been previously accelerated, more than six years earlier, in connection with the prior action. By order dated October 3, 2018, the Supreme Court denied the motion, concluding that, at a minimum, questions of fact existed as to whether the loan had been properly de-accelerated. The defendant appeals.
"On a motion to dismiss a cause of action pursuant to CPLR 3211(a)(5) on the ground that it is barred by the statute of limitations, a defendant bears the initial burden of establishing, prima facie, that the time in which to sue has expired" (HSBC Bank USA, N.A. v Gold, 171 AD3d 1029, 1030 [internal quotation marks omitted]). "If the defendant satisfies this burden, the burden shifts to the plaintiff to raise a question of fact as to whether the statute of limitations was tolled or otherwise inapplicable, or whether the plaintiff actually commenced the action within the applicable limitations period" (id. at 1030 [internal quotation marks omitted]).
An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]). With respect to a mortgage payable in installments, separate causes of action accrue for each installment that is not paid and the statute of limitations begins to run on the date each installment becomes due (see HSBC Bank USA, N.A. v Gold, 171 AD3d at 1030; Milone v US Bank N.A., 164 AD3d 145, 151). Once a mortgage debt is accelerated, however, the statute of limitations begins to run on the entire debt (see HSBC Bank USA, N.A. v Gold, 171 AD3d at 1030; Milone v US Bank N.A., 164 AD3d at 151). "A lender may revoke its election to accelerate the mortgage, but it must do so by an affirmative act of revocation occurring during the six-year statute of limitations period subsequent to the initiation of the prior foreclosure action" (Freedom Mtge. Corp. v Engel, 163 AD3d 631, 632 [internal quotation marks omitted]; see HSBC Bank USA, N.A. v Gold, 171 AD3d at 1030; Milone v US Bank N.A., 164 AD3d at 154).
Here, the defendant demonstrated that the six-year statute of limitations began to run on the entire debt on December 10, 2009, when the plaintiff accelerated the mortgage debt by commencing the prior action (see HSBC Bank USA, N.A. v Gold, 171 AD3d at 1030-1031). Contrary to the defendant's contention, the statute of limitations did not begin to run earlier, on September 18, 2009, when the plaintiff sent the defendant a notice of default. That letter, which indicated that the loan might be accelerated in the event that she failed to cure the default by a certain date "was merely an expression of future intent that fell short of an actual acceleration" (Milone v US Bank N.A., 164 AD3d at 152). Nevertheless, since the plaintiff did not commence the instant foreclosure action until September 27, 2017, which was more than six years after the December 10, 2009 acceleration of the debt, the defendant met her initial burden of demonstrating, prima facie, that the instant action was untimely (see HSBC Bank USA, N.A. v Gold, 171 AD3d at 1031; Milone v US Bank N.A., 164 AD3d at 153).
At a minimum, however, the plaintiff raised questions of fact as to whether it validly revoked its acceleration prior to the expiration of the statute of limitations. In Milone v US Bank N.A. (164 AD3d at 154), this Court held that "de-acceleration notices" must be "clear and unambiguous" and may not be issued "as a pretext to avoid the onerous effect of an approaching statute of limitations." In other words, to validly de-accelerate, a "borrower's right to make the monthly payments that became due between the time the loan was accelerated and the time the acceleration was revoked, together with the right to make future monthly installment payments" must actually be revived (Christiana Trust v Barua, 184 AD3d 140, 148). Thus, "a de-acceleration letter is not pretextual if . . . it contains an express demand for monthly payments on the note, or, in the absence of such express demand, it is accompanied by copies of monthly invoices transmitted to the homeowner for installment payments, or is supported by other forms of evidence" demonstrating that the borrower was made aware that the lender would accept the tender of monthly payments (Milone v U.S. Bank N.A., 164 AD3d at 154; see Christiana Trust v Barua, 184 AD3d at 167-168).
In the present case, the plaintiff sent a letter to the defendant stating that it "hereby de-accelerates the Loan, withdraws its prior demand for immediate payment of all sums secured by the Security Instrument and re-institutes the Loan as an installment loan." These were the precise words contained in the notice of de-acceleration at issue in Milone. Thus, here, as in Milone, "the de-acceleration letter containing a clear and unequivocal demand that the homeowner meet her prospective monthly payment obligations constitutes a de-acceleration in fact and cannot be viewed as pretextual in any way" (Milone v US Bank N.A., 164 AD3d at 154).
Contrary to the defendant's contention and the conclusion of our dissenting colleague, [*2]under the circumstances of this case, it cannot be said as a matter of law that the plaintiff failed to validly revoke the December 10, 2009 acceleration prior to expiration of the statute of limitations because the prior action remained pending for a period of time after the de-acceleration notice was sent. A stipulation of discontinuance was emailed to the defendant's counsel on the day after the de-acceleration notice was mailed. It was only because the defendant declined to sign the stipulation that discontinuance of the prior action was delayed past the date that the plaintiff revoked the acceleration. Under these circumstances, it cannot be said that the fact that the prior action remained pending demonstrated the plaintiff's unwillingness to accept tender of monthly payments or that the defendant was unaware that the plaintiff would accept such tender. Moreover, even if it could be said that the de-acceleration notice was not valid while the prior action remained pending, that action was discontinued by order dated November 10, 2015, less than six years after the December 10, 2009 acceleration. Thus, even assuming that the de-acceleration letter could not be effective while the prior action was pending, the de-acceleration became effective prior to expiration of the six-year statute of limitations period that began to run upon commencement of the prior action.
Additionally, in light of the plaintiff's unequivocal withdrawal of its prior demand for payment of the loan in full and reinstatement of the loan as an installment loan, the plaintiff's statements by email and in the stipulation of discontinuance that it intended to recommence a foreclosure action did not demonstrate, as a matter of law, that it would reject a tender of arrears and monthly payments and go forward with a foreclosure action unless it received payment of the entire balance of the loan (cf. Vargas v Deutsche Bank Natl. Trust Co., 168 AD3d 630, lv granted 34 NY3d 910). Rather, there is at least a question of fact as to whether the plaintiff was merely making clear that it would recommence foreclosure proceedings assuming that the borrower did not bring the loan current. Indeed, the defendant was sent a notice, on or about August 24, 2015, advising that she could avoid acceleration of the loan if, within 35 days, she paid the specified past-due amount as well as any monthly payment becoming due after the date of the letter (see generally Christiana Trust v Barua, 184 AD3d at 147-148 ["While the borrower might have defaulted in the first instance as a result of a financial inability to pay monthly installments, it is entirely possible in some cases that a borrower may acquire, after the loan balance is accelerated, the ability to pay arrears and maintain current payments, though lacking the ability to pay off the entire accelerated debt"]). This notice indicated that the plaintiff would accept tender of arrears and monthly payments, and that the defendant was no longer required to pay the entire balance of the loan. In other words, it tended to confirm that the plaintiff did not consider the loan to be accelerated at that time. We note that, after expiration of the 35-day period set forth in the August 24, 2015 notice of default, the plaintiff did not send a notice indicating that it was exercising its option to, once again, accelerate the loan. Indeed, it did not give such notification until more than two years later, when it indicated its election to accelerate the loan in the complaint commencing the present action. Thus, contrary to the conclusion of our dissenting colleague, expiration of the 35-day period prior to the discontinuance of the prior action did not demonstrate as a matter of law that the plaintiff failed to provide "a viable path for reinstatement of the loan" (see 1 Bergman on New York Mortgage Foreclosures § 4.04 [2020] ["Until acceleration, the borrower is free to pay his arrears, at his leisure and convenience. Lender must accept a valid tender of those arrears, even if months or even years later"]).
In sum, at a minimum, the plaintiff raised questions of fact as to whether it validly revoked the December 10, 2009 acceleration of the loan, within six years from that date. Accordingly, we agree with the Supreme Court's determination to deny the defendant's motion pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against her.
The defendant's remaining contentions are either without merit or improperly raised for the first time on appeal.
BALKIN, J.P., LEVENTHAL and LASALLE, JJ., concur.
HINDS-RADIX, J., dissents, and votes to reverse the order appealed from, on the law, and grant the motion of the defendant Bette Blank pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against her as time-barred, with the following memorandum:
In view of the submissions of the parties delineating the facts, it is clear that the parties charted their course by treating the motion of the defendant Bette Blank (hereinafter the defendant) to dismiss as a motion for summary judgment (see Ain v Allstate Ins. Co., 181 AD3d 875; Hernandez v 2075-2081 Wallace Av. Owners Corp., 176 AD3d 467). As noted by my colleagues in the majority, the defendant established, prima facie, that the time in which to commence the action had expired by demonstrating that the debt was accelerated on December 10, 2009, the date a prior action to foreclose the consolidated mortgage (hereinafter the prior action) was commenced. The instant action was commenced on September 27, 2017, more than six years later.
However, contrary to the conclusion of my colleagues in the majority, the plaintiff failed to raise a question of fact as to whether the instant action was timely commenced. The plaintiff submitted evidence that, in December 2013, it moved for leave to enter a default judgment and for an order of reference in the prior action. After questions arose as to whether the defendant was properly served, by letter dated August 18, 2015, the plaintiff's attorney-in-fact advised the defendant that it "hereby deaccelerate[d] the Loan, [withdrew] its prior demand for immediate payment of all sums secured by the Security Instrument and re-institute[d] the Loan as an installment loan." The arrears due were not set forth and no provision was made for reinstituting payments in installments.
By email dated August 19, 2015, the plaintiff's counsel asked the defendant's counsel to stipulate to discontinue the foreclosure action in light of the risk posed to the plaintiff in the event that the court agreed with the defendant's claim that service was defective. Annexed to the email was a proposed stipulation of discontinuance stating that the discontinuance was with "intent to refile a new action."
On August 24, 2015, the plaintiff sent the defendant a new letter of intent to accelerate the balance of the loan in the event that the arrears of $243,615.74 were not paid within 35 days. At that time, the prior action accelerating the entire debt was still pending.
Since the defendant refused to stipulate to discontinue the prior foreclosure action, on or about August 27, 2015, the plaintiff moved by order to show cause to voluntarily discontinue the prior action. On September 21, 2015, the plaintiff served a notice of withdrawal of its motion for leave to enter a default judgment and for an order of reference.
In an order dated November 10, 2015, in the prior action, the Supreme Court, inter alia, denied the plaintiff's motion to withdraw its motion for leave to enter a default judgment and for an order of reference, denied the plaintiff's motion for leave to enter a default judgment and for an order of reference, and granted the plaintiff's motion to voluntarily discontinue the action. The order was entered on November 17, 2015.
The defendant demonstrated that the purported de-acceleration notice dated August 18, 2015, was never an effective notice of de-acceleration since it was served while the prior foreclosure action accelerating the entire debt was still pending. Further, the plaintiff's counsel's explicit statements in the email sent the following day—August 19, 2015—demonstrated that the plaintiff was not "truly seeking to de-accelerate" and was, in fact, "attempting to achieve another purpose under the guise of de-acceleration" (Milone v US Bank N.A., 164 AD3d 145, 154). The plaintiff's explicit intent in sending the purported de-acceleration notice and moving to discontinue the prior action was not to re-institute the loan as an installment loan but, rather, to "avoid the onerous effect of [the] approaching statute of limitations" (id. at 154).
The subsequent notice dated August 24, 2015, calculated past-due arrears, but it was couched in the terms of a notice of intent to accelerate if arrears of $243,615.74 were not paid within 35 days. The 35 days expired more than a month before the prior action was discontinued by order dated November 10, 2015, and the defendant had the right to assume that the lender would not accept payments after those 35 days expired (see Christiana Trust v Barua, 184 AD3d 140). Whether the plaintiff may have accepted installment payments thereafter without expressing an intent to do so would not raise a question of fact.
Thus, the plaintiff provided no viable path for reinstatement of the loan (see id.). The defendant cannot be faulted for failing to stipulate to discontinuance of the 2009 action—which the plaintiff stated was with the explicit purpose of "intent to refile a new action"—with no instructions given as to how to reinstate the loan. Further, compliance with the August 24, 2015 notice would not have reinstated the loan since no provision was made for repayment of arrears to reinstate the loan after the prior action was discontinued in November 2015.
The parties' remaining contentions either are without merit or need not be reached in view of this determination.
Accordingly, the Supreme Court should have granted the defendant's motion pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against her.
ENTER:
Aprilanne Agostino
Clerk of the Court