Goodman v Weiss, Zarett, Brofman, Sonnenklar & Levy, P.C. (2021 NY Slip Op 05957)





Goodman v Weiss, Zarett, Brofman, Sonnenklar & Levy, P.C.


2021 NY Slip Op 05957


Decided on November 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
FRANCESCA E. CONNOLLY
LARA J. GENOVESI, JJ.


2018-04193 
2018-08593
 (Index No. 607308/17)

[*1]Robert R. Goodman, etc., appellant,
v
Weiss, Zarett, Brofman, Sonnenklar & Levy, P.C., respondent.


Kenneth L. Kutner, New York, NY, for appellant.
L'Abbate, Balkan, Colavita & Contini, LLP, Garden City, NY (Nicole Feder of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for legal malpractice, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Stephen A. Bucaria, J.), entered March 5, 2018, and (2) an order of the same court entered May 30, 2018. The order entered March 5, 2018, insofar as appealed from, granted that branch of the defendant's motion which was pursuant to CPLR 3211(a) to dismiss the legal malpractice cause of action. The order entered May 30, 2018, insofar as appealed from, upon reargument, adhered to the determination in the order entered March 5, 2018, granting that branch of the defendant's motion which was pursuant to CPLR 3211(a) to dismiss the legal malpractice cause of action.
ORDERED that the appeal from the order entered March 5, 2018, is dismissed, as the portion of the order appealed from was superseded by the order entered May 30, 2018, made upon reargument; and it is further,
ORDERED that the order entered May 30, 2018, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
The plaintiff is a neurosurgeon. In December 2010, the plaintiff entered into a retainer agreement with the defendant to represent the plaintiff in negotiating an employment contract for services that were to be performed at St. Luke's Roosevelt Hospital Center and Beth Israel Medical Center (hereinafter together the hospitals). In January 2011, the plaintiff entered into a five-year employment contract with the hospitals to be the Chair of their neurosurgery departments. The contract provided that the plaintiff's employment could be terminated "for cause," which was defined, inter alia, as "failure satisfactorily to perform any of [the plaintiff's] material obligations" under the contract unless remedied within 30 days after written notice had been given.
On November 15, 2013, the hospitals served the plaintiff with written notice advising that his employment would be terminated in 30 days unless he cured various alleged breaches of his [*2]employment contract. The plaintiff contacted the defendant regarding the notice of potential termination. The defendant counseled the plaintiff regarding the notice of potential termination and drafted a response to the notice. Thereafter, on December 19, 2013, the hospitals terminated the plaintiff's employment.
In June 2014, the plaintiff, represented by the defendant, commenced an action against the hospitals to recover damages for breach of the employment contract. In August 2014, the plaintiff substituted other counsel for the defendant. In 2016, the plaintiff settled his action against the hospitals.
Thereafter, in July 2017, the plaintiff commenced this action against the defendant, asserting, inter alia, a cause of action sounding in legal malpractice. Insofar as relevant to this appeal, the plaintiff alleged that the defendant failed to properly negotiate both his separation from his previous employer and his new employment contract with the hospitals by permitting the allegedly overbroad "failure satisfactorily to perform" language to be included in the contract without modification or limitation, and that the plaintiff had been compelled to accept a de minimis settlement in his breach of employment contract action because of the defendant's actions.
The defendant moved pursuant to CPLR 3211(a) to dismiss the complaint, contending, among other things, that the legal malpractice cause of action was barred by the statute of limitations. By order entered March 5, 2018, the Supreme Court, inter alia, granted that branch of the defendant's motion which was to dismiss the legal malpractice cause of action.
The plaintiff moved for leave to reargue his opposition to that branch of the defendant's motion which was to dismiss the legal malpractice cause of action. By order entered May 30, 2018, the Supreme Court granted reargument and, upon reargument, adhered to the prior determination. The plaintiff appeals.
The plaintiff contends that the defendant's malpractice consisted of improperly negotiating his separation from his previous employer and his new employment contract with the hospitals. However, an action alleging legal malpractice must be commenced within three years from the date of accrual (see CPLR 214[6]). A claim accrues when the malpractice is committed, not when the client discovers it (see Shumsky v Eisenstein, 96 NY2d 164, 166). "Causes of action alleging legal malpractice which would otherwise be time-barred are timely if the doctrine of continuous representation applies" (DeStaso v Condon Resnick, LLP, 90 AD3d 809, 812). "In the legal malpractice context, the continuous representation doctrine tolls the statute of limitations where there is a mutual understanding of the need for further representation on the specific subject matter underlying the malpractice claim" (id. at 812). Application of the continuous representation doctrine is generally "limited to the course of representation concerning a specific legal matter . . . ; [t]he concern, of course, is whether there has been continuous [representation], and not merely a continuing relation" between the client and the lawyer (Shumsky v Eisenstein, 96 NY2d at 168 [internal quotation marks omitted]).
Contrary to the plaintiff's contention, the legal malpractice cause of action at issue was time-barred under CPLR 214(6), and the continuous representation doctrine did not toll the statute of limitations. That doctrine "tolls the running of the statute of limitations on a cause of action against a professional defendant only so long as the defendant continues to represent the plaintiffs in connection with the particular transaction which is the subject of the action and not merely during the continuation of a general professional relationship" (Maurice W. Pomfrey & Assoc., Ltd. v Hancock & Estabrook, LLP, 50 AD3d 1531, 1533 [internal quotation marks omitted]). Although the plaintiff alleges that the defendant continued to provide legal services to him between January 2011 and November 2013, he did not seek or obtain the defendant's legal services at any time during that period and, when the plaintiff did subsequently engage the defendant's legal services, that engagement was with regard to the performance of distinct services related to a different subject matter. Accordingly, the Supreme Court properly determined that the continuous representation toll was inapplicable and granted that branch of the defendant's motion which was to dismiss the legal malpractice cause of action as time-barred.
In light of the foregoing determination, we need not reach the parties' remaining contentions.
MASTRO, J.P., MILLER, CONNOLLY and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court