Kreutzberg v Law Offs. of John Riconda, P.C. (2022 NY Slip Op 06475)

Kreutzberg v Law Offs. of John Riconda, P.C.

2022 NY Slip Op 06475

Decided on November 16, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
REINALDO E. RIVERA
JOSEPH A. ZAYAS
JANICE A. TAYLOR, JJ.

2020-09127
 (Index No. 605667/20)

[*1]Thomas Kreutzberg, appellant, 
v
Law Offices of John Riconda, P.C., et al., respondents. 

Law Office of Joel J. Ziegler, PLLC, Smithtown, NY, for appellant.
Kaufman Dolowich Voluck, LLP, Woodbury, NY (Jonathan B. Isaacson and Brett A. Scher of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Suffolk County (David T. Reilly, J.), dated November 20, 2020. The order granted that branch of the defendants' motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint as time-barred.
ORDERED that the order is affirmed, with costs.
On May 26, 2020, the plaintiff commenced the instant action to recover damages for legal malpractice, alleging that the defendants failed to first obtain the consent of the plaintiff's workers' compensation carrier, as required pursuant to Workers' Compensation Law § 29(5), with regard to a settlement of a no-fault claim and personal injury action on July 2, 2009. The defendants moved, inter alia, pursuant to CPLR 3211(a)(5) to dismiss the complaint as time-barred. The Supreme Court granted that branch of the defendants' motion. The plaintiff appeals.
On a motion to dismiss a cause of action pursuant to CPLR 3211(a)(5) on the ground that it is barred by the statute of limitations, a defendant bears the initial burden of establishing, prima facie, that the time in which to sue has expired (see Van Der Velde v New York Prop. Underwriting Assn., 205 AD3d 970, 971; Joseph v Fensterman, 204 AD3d 766, 769; Tulino v Hiller, P.C., 202 AD3d 1132, 1134-1135; Deutsche Bank Natl. Trust Co. v Blank, 189 AD3d 1678, 1679). "If the defendant satisfies this burden, the burden shifts to the plaintiff to raise a question of fact as to whether the statute of limitations was tolled or otherwise inapplicable, or whether the plaintiff actually commenced the action within the applicable limitations period" (Deutsche Bank Natl. Trust Co. v Blank, 189 AD3d at 1679 [internal quotation marks omitted]).
The statute of limitations for a cause of action to recover damages for legal malpractice is three years (see CPLR 214[6]; Tulino v Hiller, P.C., 202 AD3d at 1135), which accrues at the time the malpractice is committed, not when the client discovers it (see Shumsky v Eisenstein, 96 NY2d 164, 166; Goodman v Weiss, Zarett, Brofman, Sonneklar & Levy, P.C., 199 AD3d 659, 661; Sclafani v Kahn, 169 AD3d 846, 848).
Here, the plaintiff's cause of action accrued on July 2, 2009, when the no-fault claim [*2]and personal injury action were settled without first obtaining the consent of the plaintiff's workers' compensation carrier to the settlement, as required pursuant to Workers' Compensation Law § 29(5) (see Amodeo v Kolodny, P.C., 35 AD3d 773, 774). Thus, the defendants established, prima facie, that the time in which to commence the instant action has expired. In opposition, the plaintiff failed to raise a question of fact.
The plaintiff's contentions regarding Grace v Law (24 NY3d 203), and the doctrine of continuous representation were not advanced before the Supreme Court in opposition to that branch of the defendants' motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint as time-barred. Thus, these contentions are improperly raised for the first time on appeal and are not properly before this Court (see Matter of Ray v County of Suffolk, 204 AD3d 807; Martinez v City of New York, 175 AD3d 1284, 1285).
Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint as time-barred.
In light of our determination, we need not reach the plaintiff's remaining contention.
IANNACCI, J.P., RIVERA, ZAYAS and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court