TD Bank, N.A. v Prince (2025 NY Slip Op 50419(U))

[*1]

TD Bank, N.A. v Prince

2025 NY Slip Op 50419(U)

Decided on April 1, 2025

Supreme Court, Queens County

Caloras, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 1, 2025
Supreme Court, Queens County

TD Bank, N.A., Plaintiff,

against
Jeffrey Prince, ARNOLD PRINCE, ROSE ANNE PRINCE, 
 THE OFFICE OF THE CITY REGISTER OF THE CITY OF NEW YORK, JOHN DOE #1 THROUGH JOHN DOE #12, said names being fictitious, parties intended being possible tenants or occupants of premises, and corporations, other entities or persons who claim, or may claim, a lien the premises, Defendants.

Index No. 712196/2024

Brett L. Messinger, Esq.
Duane Morris LLP
Attorneys for Plaintiff
140 Broadway
New York, New York 10036
Phone number: 212-471-1869
Email: MSRepetto@duanmorris.com
Jeffrey Prince
Defendant, Pro Se

Robert I. Caloras, J.

The following e-filed documents, listed by NYSCEF under motion sequence 1 and 2 as: 56-58, 60-62, 64-74 were read on the motion filed under sequence 1 by Defendant Jeffrey Prince (hereinafter "Prince") for an order: i) pursuant to CPLR 3211(a)(5) dismissing Plaintiff's Complaint because this case has been filed after the expiry of the limitation period; or in the alternative, an Order pursuant to CPLR 3025(b) granting leave to Defendant Price to amend the Counterclaim to include cause of action of cancellation of the mortgage under RPAPL 1501 (4); ii. Pursuant to CPLR 3211(a)(8) dismissing Plaintiff's Complaint for lack of personal jurisdiction over Prince; and iii. Cancel the Notice of Pendency pursuant to CPLR 6514 because the Summons was improperly served upon Prince; and on the motion filed under sequence 2 by Defendant Prince for an order pursuant to CPLR 3025(b) to amend Prince's motion filed under sequenced 1.
Upon the foregoing papers, it is ordered that the motion filed by Defendant Prince under sequence 1 and sequence 2 are consolidated for disposition and denied for the following reasons:
Plaintiff commenced this foreclosure action on June 10, 2014 by filing a Summons and Verified Complaint. Plaintiff asserted causes of action against Defendants Prince, Arnold Prince and Rose Ann Prince for a judgment of foreclosure, a deficiency judgment, mortgage reformation and recording, or a judgment directing Defendant Prince to execute the consolidation, extension and modification agreement ("CEMA"). Annexed as Exhibit "J" to the Complaint, is a lost note affidavit from Ronkella Jones (hereinafter "Jones"), a Foreclosure Officer for Plaintiff. Jones stated the following: on August 7, 2012, Prince entered into a loan transaction whereby Plaintiff extended to Prince an equity line of credit with a maximum credit limit of $240,000.00 (the "2012 Loan"), and as security for repayment of the 2012 loan, Prince executed and delivered to Plaintiff a home equity line of credit agreement and disclosure agreement dated August 7, 2012 (the "2012 HELOC"). As additional security for the repayment of the Loan, Prince, Arnold Prince and Rose Anne Prince (collectively, "Mortgagors") executed and delivered to Plaintiff a credit line mortgage (the "2012 Mortgage") with the maximum principal amount of $240,000.00 encumbering the subject property. On February 5, 2013, Prince entered into a refinance transaction, whereby the 2012 Loan was refinanced with a new loan in the amount of $375,000.00 (the "2013 Loan"). The 2013 Loan was evidenced by a consolidated adjustable rate note, dated February 5, 2013, and signed by Prince (the "2013 Consolidated Note"), along with gap home equity line of credit agreement and disclosure statement (the "2013 Gap HELOC"). The 2013 Loan was secured by a gap credit line mortgage signed by Mortgagors, and intended to be recorded against the subject property (the "2013 Gap Mortgage"). For unknown reasons, the 2013 Gap Mortgage was not recorded, nor does Plaintiff have possession of the original to present for recording. As evidenced by the 2013 Consolidated Note, the 2013 Gap HELOC, and the 2013 Gap Mortgage, Plaintiff intended for and the Mortgagors agreed to execute a consolidation, extension and modification agreement ("CEMA"). However, for unknown reasons, the CEMA was not recorded, nor does Plaintiff have possession of the original to present for recording. Plaintiff also cannot locate a signed copy of the CEMA. On July 27, 2023, Jones made a diligent search for the collateral file for the subject loan, and was unable to find or recover the wet ink Original 2013 Mortgages. The Original 2013 Mortgages are not presently in the custody, possession and control of Plaintiff or any agent of Plaintiff, and Plaintiff has taken numerous unsuccessful steps to ascertain the current whereabouts of the Original 2013. Based upon Jones' diligent search, she determined that the Original 2013 [*2]Mortgages were lost on or about February 5, 2013. 
In the first branch of the motion Defendant Prince filed under sequence 1, Prince moves for an order dismissing the Complaint pursuant to CPLR 3211(a)(5). Plaintiff opposes. "On a motion to dismiss a cause of action pursuant to CPLR 3211(a)(5) on the ground that it is barred by the statute of limitations, a defendant bears the initial burden of establishing, prima facie, that the time in which to sue has expired" (Deutsche Bank Natl. Trust Co. v Blank, 189 AD3d 1678, 1679 [2d Dept. 2020]). "If the defendant satisfies this burden, the burden shifts to the plaintiff to raise a question of fact as to whether the statute of limitations was tolled or otherwise inapplicable, or whether the plaintiff actually commenced the action within the applicable limitations period" (id.).
Here, the statute of limitation for the first cause of action in foreclosure is six years (CPLR 213[4]). "The law is well settled that, even if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt." (EMC Mortgage Corp. v Patella, 279 AD2d 604, 605 [2d Dept. 2001]). Acceleration may be accomplished by, as relevant here, the filing of a summons and complaint (See, Albertina Realty Co. v Rosbro Realty Corp., 258 NY 472, 476-78 [1932] ["[T]he unequivocal overt act of the plaintiff in filing the summons and verified complaint and lis pendens constituted a valid election [to accelerate])."
In the case at bar, contrary to Defendant Prince's claims, the tolling date is not May 11, 2018, the date he failed to make a monthly payment. Rather the tolling date is the date the debt was accelerated, which occurred on June 10, 2024 when Plaintiff filed the Complaint in this action and pled "[t]hat by reason of such Default, TD Bank hereby elects to declare the balance of the principal indebtedness immediately due and payable". Consequently, Plaintiff's action to foreclose the subject mortgage is not barred by the statute of limitations because the statute of limitations period started on June 10, 2024, not May 11, 2018 as claimed by Defendant Prince.
Plaintiff's second cause of action is for a deficiency judgment. Defendant Prince argues that Plaintiff filed this cause of action ". . . June 10, 2024, after the expiry of over 10 years from the date of the alleged contracts and after the expiry of 6 years from the default date of May 11, 2018". However, pursuant to RPAPL 1371(2), Plaintiff can only pursue a deficiency judgment in this action after obtaining a judgment of foreclosure and sale, and completing the foreclosure sale. Here, Plaintiff has not obtained a judgment of foreclosure and sale in this action. Consequently, contrary to Defendant Prince's claims, Plaintiff's time to seek a deficiency judgment is not time barred.
Plaintiff's third and fourth causes of action are for mortgage reformation and recording. Defendant Prince argues that these causes of action "w[ere] filed on June 10, 2024, after the expiry of over 10 years from the date of the alleged contracts and the event of the alleged mistake". "An action to reform an agreement based on mutual mistake must be commenced within six years of the occurrence (CPLR 213(6)) or within two years from the discovery of the mistake (CPLR 203(f))". Davis v Davis, 95 AD2d 674, 675 [1st Dept. 1983]). The six-year statute of limitations begins to run upon the occurrence of the mistake or, in instances of mortgage reformation when the mortgage is recorded (See e.g., Bank of New York Mellon v MS Glob. Grp., LLC, 222 AD3d 821, 825 [2d Dept. 2023] ["Here, the cause of action seeking reformation of the mortgage is time-barred since the mortgage was recorded in 2006, but the court granted the plaintiff's motion for leave to amend the complaint to add that cause of action in 2017."]).
Here, the lost note affidavit Plaintiff submitted from Jones established that neither the 2013 Gap Mortgage nor the 2013 CEMA were ever recorded. Consequently, the six-year statute of limitations under CPLR Section 213(6) has not started to run. The two-year statute of limitations (based on discovery of the mistake) begins to run upon the holder's receipt of the mortgage (See e.g., Green Tree Servicing, LLC v Molini, 171 AD3d 880, 882 [2d Dept. 2019]). Here, as established by Jones' affidavit, Plaintiff does not have possession of the original 2013 Mortgages and, therefore, Plaintiff never received the 2013 Mortgages, which receipt would have triggered the two-year statute of limitations. Furthermore, Defendant Prince has not shown that the 2013 Gap Mortgage and 2013 CEMA were fully executed and delivered to Plaintiff (id.). Instead, Prince argues the "alleged CEMA of 2013 is non-existent", even though Prince executed the underlying consolidated Note/HELOC. For these reasons, neither the six-year nor the two-year statute of limitations for mortgage reformation have been triggered to run. As such, Plaintiff's third and fourth causes of action are not time-barred.
Plaintiff's fifth cause of action seeks a judgment directing the Mortgagors to execute the CEMA dated February 5, 2013. Defendant Prince argues that this cause of action "of performance of contractual obligations was filed on June 10, 2024, after the expiry of over 10 years from the date of the alleged contacts and after the expiry of 6 years from the default date of May 11, 2018". In opposition, Plaintiff contends that it is entitled to a judgment directing Prince to execute the CEMA dated February 5, 2013 on the grounds that on February 5, 2013, Defendant executed a compliance and correction agreement (the "Agreement"), which was annexed as Exhibit "I to the Verified Complaint, wherein Prince agreed to:
Within 10 business days after any request by the Lender or any subsequent holder of the Account, I/we will:
a. Execute any document(s) required by Lender that should have been signed by me/us at or prior to the closing of the Account.
b. Re-execute any document(s) that I/we signed at or prior to closing of the Account in order to correct any error or omission in the preparation of such document(s), including any clerical or monetary error or omission regardless of whether such error is the fault of the Lender or is/my fault.
I/we understand and agree that all of the terms, conditions and obligations set forth in the Lender's commitment to lend shall survive the closing, and that nothing I/we agreed to above will obligate me/us to do anything that would change any term, condition or obligation set forth in the Lender's commitment
On January 11, 2024, Plaintiff mailed a letter (see correspondence, dated January 11, 2024, annexed to CEMA filed as Exhibit "I to the Verified Complaint) to Defendant Prince requesting Prince sign the CEMA in compliance with the Agreement. Consequently, the cause of action for breach of performance did not accrue until January 21, 2024, when Defendant Prince failed to return the signed CEMA. As Plaintiff commenced this action on June 10, 2024, less than one year since Defendant Prince failed to return the signed CEMA, Plaintiff's fifth cause of action is not time-barred (See, Sternberg v Continuum Health Partners, Inc., 186 AD3d 1554, 1557 [2d Dept. 2020] ["A breach of contract cause of action accrues at the time of the breach, even though the injured party may not know of the existence of the wrong or injury."]). Accordingly, the branch of Defendant Prince's motion seeking to dismiss the Complaint pursuant to CPLR 3211(a)(5) is denied.
In the next branch of the motion, Defendant Prince moves to dismiss the Complaint [*3]pursuant to CPLR 3211(a)(8), arguing that the Court lacks personal jurisdiction over him because Plaintiff failed to comply with CPLR 312-A. Plaintiff opposes, arguing that service of process was served upon Defendant Prince pursuant to CPLR 308. In support thereof, Plaintiff submits two affirmations of service filed by its Process Server. Initially, the Court agrees with Plaintiff in that, contrary Defendant Prince's claims, CPLR 312-A is inapplicable herein.
"CPLR 308(2), inter alia, authorizes service by delivery of the summons within the state to a person of suitable age and discretion at the defendant's dwelling place, and mailing the summons to the defendant's last known residence" (Bank of NY v Illonzeh, 203 AD3d 1119 [2d Dept. 2022]). A process server's affidavit will ordinarily constitute prima facie evidence of valid service. (See Deutsche Bank Natl. Trust Co. v O'King, 148 AD3d 776 [2d Dept 2017].) In order to rebut the presumption of proper service, a defendant must provide a sworn denial containing specific, detailed facts that contradict the allegations set forth in the process server's affidavit (See Berganza v Pecora, 192 AD3d 743 [2d Dept 2021]; PennyMac Corp. v Barbosa, 189 AD3d 863 [2d Dept 2020]). Here, Plaintiff's process server stated in the affirmation of service that on June 14, 2024 Defendant was served with process by service upon ' "JANE DOE" (REFUSED NAME), FAMILY MEMBER, a person of suitable age and discretion' at Defendant Prince's home located at 139-32 227th Street, Laurelton, New York 11413. In an affirmation of mailing, dated June 21, 2024, Plaintiff's Process Server stated that on June 20, 2024 a copy of the pleadings were also mailed to Defendant "in a prepaid sealed, first class wrapped marked personal and confidential". The Court finds Defendant Prince's conclusory and unsubstantiated claims that he was not served with process are insufficient to rebut the presumption of service established by Plaintiff 's Process Server (Bank of NY v Espejo, 92 AD3d 707 [2d Dept. 2012]). Accordingly, the branch of Defendant Prince's motion seeking to dismiss the Complaint pursuant to CPLR 3211(a)(8) is denied.
In the next branch of the motion, Defendant moves for leave to Amend his Answer to add a Counterclaim to cancel the subject mortgage as time-barred pursuant to RPAPL 1501(4). Plaintiff opposes. CPLR 3025 (b) provides that a party, may amend his pleading, or supplement it by setting forth additional or subsequent transactions or occurrences at any time by leave of court or by Stipulation of all parties. "In the absence of prejudice or surprise to the opposing party, leave to amend a pleading should be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit" (Reese v Jahan Contr., 120 AD3d 1399 [2d Dept. 2014]). "Moreover, the party seeking leave to amend a pleading is not required to make an evidentiary showing of merit" (In re Eshaghian, 144 AD3d 1155, 1157 [2d Dept. 2016]).
Here, as stated above, the instant action is not time-barred. Consequently, Defendant Prince's claim that the subject mortgage is time-barred is devoid of merit. Accordingly, the branch of Defendant Prince's motion seeking to amend his Answer to add a Counterclaim is denied.
Turning to the branch Defendant Prince's motion seeking to cancel the Notice of Pendency, Prince argues that the notice of pendency of this action, filed on June 10, 2024, should be cancelled "because the summons was improperly served upon the moving Defendant Prince". Again, for the reasons stated above, this claim lacks merit. Accordingly, the branch Defendant Prince's motion seeking to cancel the notice of pendency is denied.
Finally, in motion filed under sequence 2, Defendant Prince moves for an order "pursuant to N.Y C.P.L.R. § 3025(b) for amendment of the Motion to Dismiss and Cancellation of Notice of Pendency ("Motion to Dismiss") to conform with Part 36 - Rules, Practices, and Procedures [*4]and to add additional grounds in the Motion to Dismiss". CPLR 3025(b) permits a litigate to seek leave to amend and supplement a pleading. Here, Defendant Prince is seeking leave to amend his prior motion pursuant to CPLR 3025(b), which is procedurally improper. Accordingly, the motion Defendant Prince filed under sequence 2 is denied.
DATED: April 1, 2025
ROBERT I. CALORAS, J.S.C.