Chester v List

2026 NY Slip Op 02962

May 13, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Karen Chester, etc., appellant,

v

Roy Alan List, etc., respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 13, 2026

2025-01810, (Index No. 609473/24)

Colleen D. Duffy, J.P.

Paul Wooten

Phillip Hom

Elena Goldberg Velazquez, JJ.

Law Office of Matt Bryant, Mineola, NY, for appellant.

Wood Smith Henning & Berman LLP, White Plains, NY (Katherine Garcia, Sheryl T. Parker, and Christopher J. McClain of counsel), for respondent.

[*1]

DECISION & ORDER

In an action, inter alia, to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Nassau County (Randy Sue Marber, J.), dated January 21, 2025. The order granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint.

ORDERED that the order is affirmed, with costs.

On May 31, 2024, the plaintiff commenced this action against the defendant, inter alia, to recover damages for legal malpractice. The plaintiff alleged, among other things, that her mother, Julia Mallico, and her stepfather, John Mallico, engaged the defendant attorney in 2008 to create a trust to hold title to certain real property owned by Julia Mallico and John Mallico for the exclusive benefit of the plaintiff. The plaintiff further alleged that the defendant, among other things, failed to correctly draft the trust agreement in accordance with the prevailing estate plan, resulting in John Mallico, rather than the plaintiff, obtaining a testamentary power of appointment, which enabled John Mallico to subsequently create a new estate plan to deprive the plaintiff of her entitlement to the property that was the subject of the trust.

Thereafter, the defendant moved pursuant to CPLR 3211(a) to dismiss the complaint, inter alia, as time-barred and for failure to state a cause of action. The plaintiff opposed the motion. In an order dated January 21, 2025, the Supreme Court granted the defendant's motion. The plaintiff appeals.

"On a motion to dismiss a cause of action pursuant to CPLR 3211(a)(5) on the ground that it is barred by the statute of limitations, a defendant bears the initial burden of establishing, prima facie, that the time in which to sue has expired. If the defendant meets this initial burden, the burden shifts to the plaintiff to raise a question of fact as to whether the statute of limitations has been tolled, an exception to the limitations period is applicable, or the plaintiff actually commenced the action within the applicable limitations period" (Wells Fargo Bank, N.A. v Leopold & Assoc., PLLC, 238 AD3d 1195, 1196 [citation and internal quotation marks omitted]).

"The statute of limitations for a cause of action to recover damages for legal malpractice is three years, which accrues at the time the malpractice is committed, not when the [*2]client discovers it" (Kreutzberg v Law Offs. of John Riconda, P.C., 210 AD3d 884, 884-885 [citations omitted]; see CPLR 214[6]). "However, causes of action alleging legal malpractice which would otherwise be barred by the statute of limitations are timely if the doctrine of continuous representation applies" (Wells Fargo Bank, N.A. v Leopold & Assoc., PLLC, 238 AD3d at 1196 [internal quotation marks omitted]). "For the continuous representation doctrine to apply, there must be clear indicia of an ongoing, continuous, developing, and dependant relationship between the client and the attorney which often includes an attempt by the attorney to rectify an alleged act of malpractice" (Dellwood Dev., Ltd. v Coffinas Law Firm, PLLC, 233 AD3d 752, 753 [internal quotation marks omitted]).

Here, to the extent that the complaint alleged legal malpractice based on the defendant's failure to correctly draft or review the trust, failure to instruct John Mallico of his obligations under the estate plan and trust, failure "to advise or otherwise protect" the plaintiff's interests in the estate plan, and engagement in a "conflicted representation as attorney for Plaintiff while advising [John] Mallico concerning his divergent individual interests," the defendant established, prima facie, that those allegations were time-barred (see Lambro Indus., Inc. v Gilbert, 233 AD3d 765, 768; King Tower Realty Corp. v G & G Funding Corp., 163 AD3d 541, 543-544). In opposition to the defendant's prima facie showing, the plaintiff failed to raise a question of fact as to whether the continuous representation tolled the applicable statute of limitations based on the defendant's alleged intermittent representation of the plaintiff (see Byron Chem. Co., Inc. v Groman, 61 AD3d 909, 911). Contrary to the plaintiff's contention, she failed to establish that the defendant was engaged in efforts to rectify his mistake in drafting the trust so as to raise a question of fact as to the applicability of the continuous representation doctrine (cf. DeStaso v Condon Resnick, LLP, 90 AD3d 809, 813). Moreover, the plaintiff failed to raise a question of fact as to the applicability of the continuous representation doctrine based on her allegations that the defendant provided legal services to her in connection with her listing the property for sale, which involved distinct services from the defendant's prior services to create the trust (see Goodman v Weiss, Zarett, Brofman, Sonnenklar & Levy, P.C., 199 AD3d 659, 662). Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was pursuant to CPLR 3211(a) to dismiss the aforementioned allegations as time-barred.

"On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), the court must liberally construe the complaint, 'accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory'" (Williams v Silverstone, 215 AD3d 787, 788, quoting Leon v Martinez, 84 NY2d 83, 87-88). "To state a cause of action to recover damages for legal malpractice, a plaintiff must allege: (1) that the attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession; and (2) that the attorney's breach of the duty proximately caused the plaintiff actual and ascertainable damages. To establish causation in a legal malpractice action, a plaintiff must show that he or she would have prevailed in the underlying action or would not have incurred any damages, but for the lawyer's negligence" (126 Main St., LLC v Kriegsman, 218 AD3d 524, 524 [citations and internal quotation marks omitted]).

Here, accepting the facts alleged in the complaint as true, and according the plaintiff the benefit of every possible favorable inference, the complaint failed to set forth facts sufficient to allege that, but for the defendant's alleged representation of the plaintiff in connection with the real estate listing, or the defendant's alleged incorrect representation upon the death of John Mallico in 2021 that the plaintiff owned the property, she would have had a more favorable outcome or would not have incurred any damages (see Williams v Silverstone, 215 AD3d at 789). Thus, the defendant was entitled to dismissal of the remaining allegations of legal malpractice for failure to state a cause of action. Moreover, the second cause of action, for declaratory relief, was duplicative of the first cause of action, alleging legal malpractice (see New York Bus Operators Compensation Trust v American Home Assur. Co., 241 AD3d 563, 566).

The plaintiff's remaining contentions either are not properly before this Court, need not be reached in light of our determination, or are without merit.

Accordingly, the Supreme Court properly granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint.

DUFFY, J.P., WOOTEN, HOM and GOLDBERG VELAZQUEZ, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court